Dear Ms. Stinson:
You have requested an opinion from this office regarding the payment of renovation costs from the Twenty-Sixth Judicial District Judicial Expense Fund (Fund). The costs in question are capital outlay costs for the renovation of offices of district court judges in the Webster Parish courthouse. According to your letter, the Webster Parish Police Jury, the governing authority in the parish, has been asked to renovate these offices for security purposes, and the Police Jury has requested that district court judges contribute one-half of the costs, or approximately $10,000. The judges would like to know if these costs can be paid from the Fund.
Initially, we note that LSA-R.S. 33:4713 mandates that the governing authority of each parish "provide and bear the expense of a suitable building . . . for the sitting of the district and circuit courts . . ." Therefore, the Police Jury is the party responsible for bearing the expenses necessary for these renovations.
We also note that this office has previously found that judges may enter into intergovernmental agreements with sheriffs to use monies from the Fund to defray some of the costs necessary to increase courtroom security.[1] Monies from the Judicial Expense Fund have been used as salary supplements and to provide better training for bailiffs. The judges, in return, received improved courtroom and personal security.
In your case, however, the costs at issue are capital outlay costs, and the question is whether the Legislature intended the Judicial Expense Fund to be used for capital expenses. After examining the statutes and case law, it is the opinion of this office that the legislature intended the fund to be used for day-to-day operating costs as opposed to capital outlay costs.
LSA-R.S. 13:996.50 establishes the Twenty-Sixth Judicial District Judicial Expense Fund (Fund) and mandates how the funds are to be dispersed. It provides, in pertinent part, as follows:
The judges, en banc, may appoint such law clerks, clerical, research, administrative, or other personnel as they deem necessary to expedite the business and function of the court and fix and pay all or any part of the salaries or reasonable expenses of such personnel out of the monies in the Judicial Expense Fund. In like manner, the judges, en banc, may utilize the monies in the Judicial Expense Fund to pay all or any part of the cost of establishing or maintaining a law library, or both, for the court, or for buying or maintaining, or both, any type of equipment, supplies or other items consistent with or germane to the efficient operation of the court, or to pay for actual expenses incurred, including travel, hotel, tuition, and fees, by any judge or clerk in attending any seminar or conference germane to the proper operation of the court. (Emphasis added)
In general, the Judicial Expense Fund is established and may be used for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the court or the offices of the individual judges. . . (Emphasis added)
In State v. Craig,[2] the Louisiana Supreme Court examined a similar statute in the Nineteenth Judicial District[3] and provided:
 The statute provides that administrative costs are to be paid out of this dedicated fund, and outlines some of the type of costs that are "administrative" so as to "expedite the business and function of the court", such as salaries for secretaries, court reporters, clerical and research assistants, the monies needed to fund a library, and funds needed to purchase proper equipment for the court. In short, this statute evinces a legislative intent to allow for funding of the court's administrative day-to-day operating
expenses. . .
This office is unable to find any authorization for the use of monies from the Judicial Expense Fund for capital construction or renovation costs. In light of the statutory examples of the type of costs for which the Judicial Expense Fund may be used[4], and the Supreme Court's interpretation of the types of costs the legislature intended this Fund to bear,[5] it is the opinion of this office that capital expenditures are not within the category of expenses for which the Judicial Expense Fund may be used.
I trust this answers your question. If you have any further questions, please contact our office.
With kindest regards, I am,
Yours Very Truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________________ DENISE B. FITZGERALD Assistant Attorney General
CCF, JR:DBF:jv
[1] Attorney General Opinions Number 03-0125 and 88-632
[2] 637 So.2d 437 (La. 1994)
[3] LSA-R.S.13:992
[4] See LSA-R.S. 13:996.50(C) above.
[5] State V. Craig, 637So.2d.437 (La. 1994)